1  Todd M. Friedman (SBN 216752)
   Adrian R. Bacon (SBN 280332)
2  Meghan E. George (SBN 274525)
3  LAW OFFICES OF TODD M. FRIEDMAN, P.C.
   21550 Oxnard St., Suite 780
4  Woodland Hills, CA 91367
5  Phone: 323-306-4234
   Fax: 866-633-0228
6  tfriedman@toddflaw.com
7  abacon@toddflaw.com
   mgeorge@toddflaw.com
8  twheeler@toddflaw.com
9  [Additional Counsel On Signature Page]
10
   *Attorneys for Plaintiff,*
11 *MARIA KAWASHIMA*
   *and all others similarly situated*
12

13            IN THE UNITED STATES DISTRICT COURT
14            FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA KAWASHIMA, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GRUPO AEROMEXICO S.A.B. DE C.V.; AEROVIAS DE MEXICO, S.A. DE C.V.; and DOES 1 – 10, inclusive,<br><br>Defendants. | Case No.<br><br>**PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>(1) Breach of Express Contract<br>(2) Breach of Implied Contract<br><br>**Jury Trial Demanded** |

Plaintiff MARIA KAWASHIMA ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, alleges as follows:

## NATURE OF THE ACTION

1.   Plaintiff brings this class action Complaint against Defendants GRUPO AEROMEXICA S.A.B. DE C.V. and AEROVIAS DE MEXICO, S.A. DE C.V. (hereinafter collectively "Defendants" or "Aeromexico") arising out of Aeromexico's breach of its express and implied contracts with consumers relating to the cancellation of their flights and to obtain redress for a nationwide Class of all others similarly situated ("Class Members") who purchased and had cancelled by Defendant, within the applicable statute of limitations period, one or more airline tickets from Defendant.

2.   Plaintiff and others similarly situated purchased airplane tickets and entered into express and implied contracts pertaining to being delivered by air carrier to the ticketed destination, and being reimbursed upon Defendants' unilateral cancellation of their flight reservations. In refusing to do so, Defendants breached its contract with Plaintiff and the Class.

## JURISDICTION AND VENUE

3.   This class action is brought pursuant to Federal Rule of Civil Procedure 23. All claims in this matter arise exclusively under common law.

4.   This matter is properly venued in the United States District Court for the Central District of California, in that Plaintiff purchased the tickets online while physically present in the State of California. Plaintiff resides in the Central District of California and Defendants do business, *inter alia*, in the Central District of California.

5.   There is original federal subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (Feb. 18, 2005), by virtue of 28 U.S.C. §1332(d)(2), which explicitly provides for the

original jurisdiction of federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from the State of citizenship of any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interests and costs.

6. Aeromexico is subject to this Court's personal jurisdiction because it has a regular and established place of business in this District, including at its ground operations and other permanent business operations located at Los Angeles International Airport, 200 World Way, Los Angeles, California. Aeromexico is also subject to this Court's personal jurisdiction because Aeromexico has regularly and systematically conducted and solicited business in this District by and through at least its sales and offers for sale of its services, airline ticketing, and other contractual arrangements with customers and third parties using such Aeromexico products and services located in and/or doing business in this District.

7. As set forth above, Aeromexico has a regular and established place of business in the Central District of California. In particular, for example, Aeromexico maintains ground operations and other permanent business operations at Los Angeles International Airport, 200 World Way, Los Angeles, California, and at Aeromexico Cargo's Los Angeles office, which is located at 6851 W Imperial Highway, Los Angeles, California.

8. In the case at bar, there are at least 100 members in the proposed Class, the total claims of the proposed Class members are in excess of $5,000,000.00 in the aggregate, exclusive of interests and costs, and Plaintiff and the Class Members are citizens of different states than that of Defendants.

**THE PARTIES**

9. Plaintiff MARIA KAWASHIMA is a citizen and resident of the State of California, County of Los Angeles.

10. On information and belief, the defendants are corporations organized and existing under the laws of Mexico. On information and belief, defendant AEROVIAS DE MEXICO, S.A. DE C.V is a wholly-owned or nearly wholly-owned subsidiary of defendant GRUPO AEROMEXICO S.A.B. DE C.V. Both will be referred to herein, in the collective, as "Defendants" or "Aeromexico."

11. Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendants and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all of Defendants' employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendants.

12. The above-named Defendants, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known

13. Plaintiff is informed and believes, and thereon alleges, that said Defendants are in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all its employees, agents, and/or third parties acting on its behalf, in proximately causing the damages herein alleged.

14. At all relevant times, Defendants ratified each and every act or omission complained of herein.  At all relevant times, Defendants, aided and

abetted the acts and omissions as alleged herein.

## PLAINTIFF'S FACTS

15. This complaint comes during a time of unprecedented hardship and difficulties for many within the United States and indeed around the world. On January 30, 2020, the World Health Organization officially declared Covid-19 as a public health emergency of international concern. On March 11, 2020, the World Health Organization declared COVID-19 a pandemic.

16. On or about April 24, 2020, Brazil confirmed more than fifty thousand cases, and by April 30, 2020, Brazil overtook China in number of confirmed cases, surpassing 87,000.

17. In efforts to curb the spread of the virus, federal, state and local governments quickly implemented travel restrictions and guidelines advising against non-essential travel. In the United States, the federal government allowed only very limited travel from China, Europe, and the United Kingdom, permitting only the return of U.S. citizens and permanent residents. The Department of State also advised on March 31, 2020, that U.S. citizens should temporarily avoid all international travel, with the exception that U.S. residents abroad should arrange for immediate return to the United States where possible.

18. As the travel limitations became more widespread, and consumer demand for air travel dropped to an all-time low, airlines began cancelling flights and reducing their flight load. Defendants, like many other air carriers, cancelled a large percentage of its scheduled international flights. However, upon cancelling its flights, Defendants offered only to rebook consumer flights through a route that Defendants had not cancelled or, in the alternative, to be given travel credit. Defendants did not offer any consumers whose flights were cancelled a refund of their purchase(s).

19. On April 3, 2020, to prevent these exact practices, the DOT issued an

Enforcement Notice Regarding Refunds by Carriers Given the Unprecedented Impact of the COVID-19 Public Health Emergency on Air Travel ("DOT Notice"). The DOT Notice provides that the airlines must refund tickets if they cancel flights due to the novel coronavirus:

> The U.S. Department of Transportation's Office of Aviation Enforcement and Proceedings (Aviation Enforcement Office), a unit within the Office of the General Counsel, is issuing this notice to remind the traveling public, and U.S. and foreign carriers, operating at least one aircraft having a seating capacity of 30 or more seats, that passengers should be refunded promptly when their scheduled flights are cancelled or significantly delayed. Airlines have long provided such refunds, including during periods when air travel has been disrupted on a large scale, such as the aftermath of the September 11, 2001 attacks, Hurricane Katrina, and presidentially declared natural disasters. Although the COVID-19 public health emergency has had an unprecedented impact on air travel, the airlines' obligation to refund passengers for cancelled or significantly delayed flights remains unchanged.[1]

20. Defendants' failure to provide refunds to Plaintiff and all other similarly situated customers violates the law, and violates their own Contract of Carriage.

21. Defendants' contract of carriage states that "The Carrier may cancel the route without prior notice, ***being bound to protect the passenger in the services of other airlines if possible or to reimburse the fare in the corresponding***

---

[1] U.S. Dep't of Transportation, Enforcement Notice Regarding Refunds by Carriers given the Unprecedented Impact of the COVID-19 Public Health Emergency on Air Travel (Apr. 3, 2020), https://www.transportation.gov/sites/dot.gov/files/2020-04/Enforcement%20Notice%20Final%20April%203%202020_0.pdf

*segment not being used*, in terms of article 52 of the Law of Civil Aviation, and subject to the procedures established by the Carriers regarding involuntary changes and reimbursements."[2]

22. On October 17, 2019, Plaintiff purchased four round-trip tickets on for flights on Aeromexico to/from Brazil. The flights to Brazil were ticketed to depart on June 16, 2020. Three of the tickets purchased by Plaintiff had a return date to America of August 25, 2020, and one had a return date of July 17, 2020.

23. Due to the COVID-19 pandemic, on or about May, 2020, Defendants cancelled Plaintiff's flights.

24. On May 22, 2020, Plaintiff contacted Defendants to seek a full refund of her tickets. Defendants' representative told Plaintiff that they could not provide a refund, but could provide a credit so that she could travel at a later date. Plaintiff was told by Defendants' representatives that Defendants do not issue refunds, but only offered Plaintiff other flight options in lieu of a refund.

25. Pursuant to the terms of the Contract of Carriage, Plaintiff is entitled to a refund of Plaintiff's fare for the entire trip, to her original form of payment.

**CLASS ACTION ALLEGATIONS**

26. Plaintiff brings this action, on behalf of herself and all others similarly situated, and thus, seeks class certification under Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

27. The class Plaintiff seeks to represent is defined as follows:

> All persons in the United States who purchased one or more tickets for travel on an Aeromexico flight scheduled to operate from March 1, 2020 through the date of a class certification order, whose flight(s) were canceled by Defendant/s, and who were not provided a refund.

28. As used herein, the term "Class Members" shall mean and refer to the

---

[2] https://aeromexico.com/en-us/legal-information (emphasis added).

members of the Class described above.

29. Excluded from the Class are Defendants, its affiliates, employees, agents, and attorneys, and the Court.

30. Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

31. Upon information and belief, the proposed class is composed of thousands of persons. The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

32. No violations alleged in this complaint are contingent on any individualized interaction of any kind between class members and Defendants.

33. There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

    (a) Whether Defendants breached their Contract of Carriage by their conduct;

    (b) Whether Defendants had an implied or express contract to provide a refund, rather than a credit on a future flight, when it cancels a flight and cannot re-accommodate its passengers;

    (c) Whether Defendants' practices harmed Plaintiff and Class Members; and

    (d) The method of calculation and extent of damages for Plaintiff and Class Members.

34. Plaintiff is a member of the Class she seeks to represent

35. The claims of Plaintiff are not only typical of all Class members, they are identical.

36. All claims of Plaintiff and the Class are based on the exact same legal theories.

37. Plaintiff has no interest antagonistic to, or in conflict with, the class.

38. Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member, because Plaintiff purchased airline tickets from Defendants which were cancelled by Defendants during the Class Period. Defendants' failure to provide per the terms of its agreements concerns the same business practices described herein irrespective of where they occurred or were experiences. Plaintiff's claims are typical of all Class Members as demonstrated herein.

39. Plaintiff will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent herself and the Class.

40. Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CAUSE OF ACTION

### Breach of Express Contract

41. Plaintiff incorporates by reference each allegation set forth above.

42. Plaintiff and the Class and Defendants entered into an express contract under which Defendants agreed to reimburse customers for flights cancelled by Defendants. This was a material term of the express contract and contract of carriage.

43. Plaintiff and the Class are parties to uniform and identical written contracts with Defendants pertaining to the provision of these services and the claims asserted against Defendants.

44. Due to Defendants' cancellation of their flights, Plaintiff, and all putative class members cannot use their airline tickets through no fault of their own and they are not getting the benefit of their bargain with Defendants.

45. Plaintiff and the Class have performed all conditions, covenants, and

promises required to be performed on their part in accordance with the terms and conditions of the contract, except to the extent such performance was excused, released, or waived by the actions, conduct, or agreement of Defendants.

46. Defendants breaches its contractual obligations under the contracts with Plaintiff and each member of the Class by failing to refund the Class for flights cancelled by Defendants. Such failure constitutes a failure of consideration.

47. As a direct and proximate result of Defendants' failure to timely refund their ticket purchase, Plaintiff and the Class are entitled to a return of the consideration they paid to Defendants in the form of airline ticket fees.

## SECOND CAUSE OF ACTION

### Breach of Implied Contract

48. Plaintiff incorporates by reference each allegation set forth above.

49. Contracts may be made by a writing, orally, or by conduct of the parties, or by a combination of any of the aforementioned. Each such contract is equally valid and enforceable, with the manner of the proof of the terms of the contract varying by the form of contract.

50. Plaintiff and the Class and Defendants entered into a contract that was partly written and partly implied by conduct, upon which Defendants agreed to reimburse Plaintiff and the Class for tickets purchased for flights that were cancelled by the Defendants as a response to the Covid-19 pandemic.

51. The express terms were the payment of a fee by Plaintiff and the Class members in exchange for airline passage to their final destination.

52. The implied terms of the contract were that Defendants would deliver the Plaintiff and the Class to their final destination.

53. Defendants made the offer as to both services in exchange for fees which it accepted and demonstrated a clear intent and understanding as to the services it was providing to the Class.

54. Plaintiff and the Class demonstrated their clear intent and understanding as to the nature of the contract by paying their fees.

55. Plaintiff and the Class are parties to uniform and identical written contracts with Defendants pertaining to the provision of these services and the claims asserted against Defendants.

56. Plaintiff and the Class have performed all conditions, covenants, and promises required to be performed on their part in accordance with the terms and conditions of the contract, except to the extent such performance was excused, released, or waived by the actions, conduct, or agreement of Defendants.

57. Defendants breaches its contractual obligations under the contracts with Plaintiff and each member of the Class by failing to deliver the Plaintiff and the Class to their final destination, when they unilaterally cancelled their airline tickets. Such failure constitutes a failure of consideration.

58. As a direct and proximate result of Defendants' failure to deliver the Plaintiff and the Class to their final ticketed destination, Plaintiff and the Class are entitled to a return of the consideration they paid to Defendant in the form of the airline tickets they purchased.

## MISCELLANEOUS

59. Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or all such obligations or conditions are excused.

## REQUEST FOR JURY TRIAL

60. Plaintiff requests a trial by jury as to all claims so triable.

## PRAYER FOR RELIEF

61. Plaintiff, on behalf of herself and the Class, requests the following relief:

    (a) An order certifying the Class and appointing Plaintiff as

Representative of the Class;

(b) An order certifying the undersigned counsel as Class Counsel;

(c) Restitution and disgorgement of profits for all funds obtained by Defendants from Class Members for tickets and/or related fees;

(d) Any and all statutory enhanced damages;

(e) All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

(f) Pre- and post-judgment interest; and

(g) All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court.

Dated: November 24, 2020        Respectfully submitted,

LAW OFFICES OF TODD M. FRIEDMAN, PC

By: /s Todd. M. Friedman
TODD M. FRIEDMAN, ESQ.
Attorney for Plaintiff

**Additional Counsel for Plaintiff**
**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6806
Facsimile: (800) 520-5523

**KAZEROUNI LAW GROUP, APC**
Jason A. Ibey, Esq. (284607)
jason@kazlg.com
321 N Mall Drive, Suite R108
St. George, Utah 84790
Telephone: (800) 400-6806
Facsimile: (800) 520-5523